IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ELOY GUAJARDO AND**
**FELIPE MARTINEZ**                                                                                  **PLAINTIFFS**

VS.                                          CIVIL ACTION NO.:  **3:20CV59-HTW-LRA**

**COMPLETE LOGISTICS, LLC; STEVEN**
**RANDOLPH ENTERPRISES, INC.;**
**CHRISTOPHER ALSOBROOK AND**
**JOHN DOES 1-10**                                                                                  **DEFENDANTS**

**AMENDED COMPLAINT**
**(JURY TRIAL REQUESTED)**

COMES NOW the Plaintiffs, Eloy Guajardo and Felipe Martinez (hereafter "Plaintiff" and/or "Mr. Guajardo" and/or "Mr. Martinez"), by and through their attorney(s) of record, and files this Complaint as follows:

**I. PARTIES**

1. Mr. Guajardo is an adult citizen of the state of Mississippi, and presently resides at 5096 Highway 80 West, Jackson, Mississippi 39209.

2. Mr. Martinez is an adult citizen of the state of Texas, and presently resides at 1505 Ward Road, Apartment 205, Baytown, Texas 77520.

3. Defendant Complete Logistics, LLC, is a corporation organized under the laws of the State of Georgia with its principal place of business therein at 316 Mayfield Drive, Monroe, Georgia 30655. This Defendant's registered agent for service of process is Shannon Sturgill whose address is 681 Hillside Drive, Grayson, Georgia, 30017. This Defendant corporation does not have a certificate of authority to transact business in the State of Mississippi. This Defendant may be served with process of this Court as a nonresident motorist pursuant to Miss. Code Ann. §13-3-63.

4. Defendant Steven Randolph Enterprises, Inc. is a corporation organized under the laws

of the State of Georgia with its principal place of business therein at 316 Mayfield Drive, Monroe, Georgia 30655. This Defendant's registered agent for service of process is Steven Paul Randolph whose address is 517 Grassland Ct., Lawrenceville, Georgia 30046. This Defendant corporation does not have a certificate of authority to transact business in the State of Mississippi. This Defendant may be served with process of this Court as a nonresident motorist pursuant to Miss. Code Ann. §13-3-63.

5. Defendant Christopher Alsobrook is believed to be an adult resident of the State of Georgia whose last known address is 2522 Brentwood Court, Decatur, Georgia 30032. This Defendant may be served with process of this Court as a nonresident motorist pursuant to Miss. Code Ann. §13-3-63.

6. John Does 1-5 are the owners, operators, managers, and all other entities, corporate and/or individuals, of the vehicle that was being operated by Defendant Alsobrook, at the time of the complained of incident and who were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for the Plaintiffs injuries and damages.

7. John Does 6-10 are the entities, corporate and/or individuals, that provided uninsured/underinsured motorist insurance for the vehicle that was being operated by Mr. Guajardo at the time of the complained of incident and who are in some manner contractually obligated to provide uninsured/underinsured motorist to Plaintiffs for the events and happenings alleged in this Complaint and for Plaintiffs injuries and damages.

## II. JURISDICTION

8. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332 as it is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

9. This Court has jurisdiction over the Defendants pursuant to Miss. Code Ann. §13-3-57 as those Defendants transacted business in the State of Mississippi and committed torts against residents of the State of Mississippi. This Court's exercise of jurisdiction over the Defendants is in accordance with the Fourteenth Amendment of the United States Constitution as the Defendants had and have sufficient contacts with the State of Mississippi.

### III.  VENUE

10. This Court is the proper venue for this action pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

### IV. FACTS

11. This lawsuit arises from a motor vehicle collision which occurred on April 11, 2018. On that date Plaintiffs were stopped in traffic westbound on Countyline Road in Ridgeland, Mississippi in Mr. Guajardo's 2001 Ford F-150. Mr. Guajardo was driving, and Mr. Martinez was his passenger.

12. At the time of the collision, Defendant Alsobrook was driving a 2008 Freightliner with an empty flatbed. The Freightliner was owned by Defendant Complete Logistics, LLC, and Defendant Alsobrook was acting within the course and scope of his employment with Defendant Steven Randolph Enterprises at the time of the collision.

13. At the time of the collision, Mr. Guajardo was stopped in traffic when he was struck in rear by Defendant Alsobrook.

14. The collision resulted in personal injuries to the Plaintiffs. The Plaintiffs were transported from the scene of the collision to the hospital by ambulance.

## V. NEGLIGENCE CLAIMS AGAINST DEFENDANT ALSOBROOK

15. Defendant Alsobrook was negligent in:

   a. Failing to maintain control of his vehicle;

   b Failing to drive at a reasonable rate of speed;

   c. Failing to maintain a proper lookout;

   d. Failing to avoid a collision with a vehicle in front of him and

   e. Upon information and belief, violation of various Federal Motor Carrier Safety Regulations; and,

   f. Other acts of negligence to be demonstrated at trial.

16. Defendant Alsobrook's negligence was a proximate cause of the collision in question, the Plaintiffs' personal injuries and the Plaintiffs' damages resulting from their injuries.

## VI. NEGLIGENCE CLAIMS AGAINST DEFENDANT STEVEN RANDOLPH ENTERPRISES, INC.

17. Defendant Alsobrook was acting with in the course and scope of his employment by Defendant Steven Randolph Enterprises, Inc., and the latter is therefore vicariously liable for the injuries suffered by Plaintiffs as a result of Alsobrook's negligence under the doctrine of respondeat superior.

15. Upon information and belief, Steven Randolph Enterprises, Inc. was also negligent in its hiring, supervision and retention of Defendant Alsobrook.

16. Upon information and further belief, Steven Randolph Enterprises, Inc. was negligent through violation of various Federal Motor Safety Regulations pertaining to Mr. Alsobrook and his vehicle.

17. Defendant Steven Randolph Enterprises, Inc.'s negligence was a proximate cause of the collision in question, the Plaintiff's personal injuries and the Plaintiffs' damages resulting from their personal injuries.

## VII. NEGLIGENCE CLAIMS AGAINST DEFENDANT COMPLETE LOGISTICS, LLC

18. Upon information and belief, Defendant Steven Randolph Enterprises, Inc., leased the vehicle that Defendant Alsobrook was operating at the time of the incident from Defendant Complete Logistics, LLC.

19. Upon information and further belief, Complete Logistics, LLC. was negligent through violation of various Federal Motor Safety Regulations pertaining to Mr. Alsobrook and his vehicle.

20. Defendant Complete Logistics' negligence was a proximate cause of the collision in question, the Plaintiff's personal injuries and the Plaintiffs' damages resulting from their personal injuries.

## VII. DAMAGES

21. As a result of the Defendants' negligence and the collision described herein, both Plaintiffs suffered personal injuries.

22. As a result of their personal injuries, both Plaintiffs are entitled to recovery of:

    a. Past and future medical expenses;

    b. Pain and suffering;

    c. Past and future lost income;

    d. Mental anguish and emotional distress resulting from their physical injuries; and

    e. Any other category of damages available under the law whether or not set forth specifically herein.

  WHEREORE, Plaintiffs Eloy Guajardo and Felipe Martinez demand judgment against the Defendants for the damages set forth herin and for any such other relief as the Court deems proper under the circumstances.

             RESPECTFULLY SUBMITTED,

             **ELOY GUAJARDO AND**
             **FELIPE MARTINEZ**

       BY: _/s/ Samuel F. Creasey_____
          SAMUEL F. CREASEY, ESQ.

*OF COUNSEL:*
*SAMUEL F. CREASEY, Esq. (MSB#99555)*
*MORGAN & MORGAN, PLLC*
*4450 OLD CANTON ROAD, SUITE 2*
*JACKSON, MS 39211*
*TELEPHONE: (601) 949-3388*
*FACSIMILE: (601) 949-3399*
*ATTORNEY FOR PLAINTIFF*